UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DOUG LONGHINI, Individually, :
:
       Plaintiff, :
:
vs. : Case No. 1:16-cv-5723
:
LAGUARDIA CENTER REALTY LLC, a New :
York Limited Liability Company, and RITE AID :
OF NEW YORK, INC., a New York Corporation, :
:
       Defendants. :
_____/

## COMPLAINT
(Injunctive Relief Demanded)

    Plaintiff, DOUG LONGHINI, Individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendants, LAGUARDIA CENTER REALTY LLC, a New York Limited Liability Company, and RITE AID OF NEW YORK, INC., a New York Corporation, (sometimes referred to as "Defendants"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") and the New York Executive Section 296(2)(a) Law Against Discrimination and New York Civil Rights Law § 40, and allege:

### JURISDICTION

    1.    This court is vested with original jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343, as to Plaintiff's Federal claims, and 28 U.S.C. § 1367, for claims brought under New York law.

    2.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## COUNT 1
## THE PARTIES AND STANDING

3.  Plaintiff, Doug Longhini, is an individual residing in Miami, FL, in the County of Miami-Dade.

4.  Defendant LA GUARDIA CENTER REALTY LLC, a New York Limited Liability Company, is owner, and/or operator of La Guardia Center, and is located at 43-26 Ditmars Blvd., Astoria, NY 11105, in the County of Queens.

5.  Defendant RITE AID OF NEW YORK, INC., a New York Corporation, is owner, and/or operator of Rite Aid Pharmacy, and is located at 43-02 Ditmars Blvd., Astoria, NY 11105, in the County of Queens.

6.  Venue is properly located in the Eastern District of New York because venue lies in the judicial district of the property situs. The Defendants' properties are located in and do business within this judicial district.

7.  Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

8.  Plaintiff Doug Longhini is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Mr. Longhini requires the use of a wheelchair, as he has cerebral palsy and has limited use of his hands. Mr. Longhini regularly goes to Long Island, New York to visit friends and family, and to advocate for disabled rights. Mr. Longhini has visited the property which forms the basis of this lawsuit and plans to return to the property in the near future to avail himself of the goods and services offered to the public at the property. The Plaintiff

has encountered architectural barriers at the subject property, which barriers are enumerated herein. They have impaired his ability to safely park at the premises, to safely unload from his vehicle, to safely access the curb ramps, to safely travel from the parking lot into facility, to use the restrooms safely and without assistance, and to access goods and services at the premises. The barriers to access at this property, which have been encountered by Plaintiff Doug Longhini, have endangered his safety.

9. Defendants own, lease, lease to, or operate places of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR § 36.201(a) and § 36.104. Defendants are responsible for complying with the obligations of the ADA. The places of public accommodation that the Defendants own, operate, lease or lease to is known as La Guardia Center, and Rite Aid Pharmacy at La Guardia Center, and is located at 43-26 Ditmars Blvd., Astoria, NY 11105, and 43-02 Ditmars Blvd., Astoria, NY 11105, respectively.

10. Doug Longhini has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to these properties as described but not necessarily limited to the allegations in paragraph 12 of this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants. Doug Longhini desires to visit La Guardia Center, and Rite Aid Pharmacy at La Guardia Center, not only to avail himself of the goods and services available at the property, but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

11. The Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages

and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

12. The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). Preliminary inspections of La Guardia Center, and Rite Aid Pharmacy at La Guardia Center, have shown that violations exist. These violations that Doug Longhini personally observed or encountered include, but are not limited to:

### **LA GUARDIA CENTER**

#### **Parking**

A. There are accessible parking spaces that do not provide signs designating them as accessible in violation of Section 4.6.4 of the ADAAG, whose resolution is readily achievable.

B. The required number of van accessible parking spaces is not provided, violating Sections 4.1.2(5b) and 4.6.4 of the ADAAG, whose resolution is readily achievable.

C. The plaintiff had difficulty exiting the vehicle, as the designated accessible parking space access aisle was located on an excessive slope. Violation: Some of the accessible parking space access aisles are located on a slope in violation of Section 4.6.3 of the ADAAG, whose resolution is readily achievable.

D. The plaintiff had difficulty exiting the vehicle, as the designated accessible parking space was located on an excessive slope. Violation: Some of the accessible parking spaces are located on a slope in violation of Section 4.6.3 of the ADAAG, whose resolution is readily achievable.

### PORTO BELLO PIZZERIA

#### Public Restrooms

E. There are permanently designated interior spaces without proper signage in violation of Sections 4.1.3(16) and 4.30 of the ADAAG, whose resolution is readily achievable.

F. The plaintiff could not exit the restroom without assistance, as the required maneuvering clearance was not provided. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG, whose resolution is readily achievable.

G. The plaintiff could not use the coat hook without assistance as it was mounted too high. Violation: There are coat hooks provided for public use in the restroom, outside the ranges prescribed in Sections 4.2.5, 4.2.6, and 4.25.3 of the ADAAG, whose resolution is readily achievable.

H. The plaintiff was exposed to a cutting/burning hazard because the lavatory pipes were not wrapped. Violation: The lavatory pipes were not fully wrapped or maintained violating Section 4.19.4 of the ADAAG, whose resolution is readily achievable.

I. The plaintiff could not use the mirror as it was mounted too high. Violation: The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19.6 of the ADAAG, whose resolution is readily achievable.

J. The plaintiff could not use the toilet seat cover dispenser without assistance as it was mounted at a location where the clear floor space to access it was not provided. Violation: The clear floor space provided at elements in the restroom violates the provisions of Sections 4.2.4 and 4.27.2 of the ADAAG, whose resolution is readily achievable.

K. The plaintiff could not flush the toilet without assistance, as the flush valve was not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG, whose resolution is readily achievable.

L. The plaintiff had difficulty transferring to the toilet, as compliant grab bars were not provided. Violation: The lack of grab bars does not comply with the requirements prescribed in Section 4.16.4 and Figure 29 of the ADAAG, whose resolution is readily achievable.

### BERRY FRESH SUPERMARKET

### Entrance Access and Path of Travel

M. The plaintiff could not traverse through areas of the facility, as the required 36" path is not provided. Violation: There is not a continuous path of travel connecting all essential elements of the facility, in violation of Sections 4.2.1 and 4.3.3 of the ADAAG, whose resolution is readily achievable.

### Access to Goods and Services

N. The facility fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements that are required to be readily accessible and usable by persons with disabilities in violation of Section 36.211 of the ADAAG.

O. There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG, whose resolution is readily achievable.

### Public Restrooms

P. There are permanently designated interior spaces without proper signage in violation of Sections 4.1.3(16) and 4.30 of the ADAAG, whose resolution is readily achievable.

Q. The plaintiff had difficulty using the restroom door without assistance as the door hardware required tight grasping and twisting of the wrist to operate. Violation: The restroom door has improper hardware for disabled patrons, in violation of Section 4.13.9 of the ADAAG, whose resolution is readily achievable.

R. The plaintiff could not use the restroom, as the required clear floor space was not provided. Violation: Compliant clear floor space is not provided in the restroom, violating Section 4.22.3 of the ADAAG, whose resolution is readily achievable.

S. The plaintiff could not exit the restroom without assistance, as the required maneuvering clearance was not provided. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG, whose resolution is readily achievable.

T.  The plaintiff could not use the lavatory without assistance. Violation: There are lavatories in public restrooms without the required clear floor space provided due to items underneath them, in violation of the requirements in Section 4.19.3 of the ADAAG, whose resolution is readily achievable.

U.  The plaintiff was exposed to a cutting/burning hazard because the lavatory pipes were not wrapped. Violation: The lavatory pipes were not fully wrapped or maintained violating Section 4.19.4 of the ADAAG, whose resolution is readily achievable.

V.  The plaintiff could not use the soap bottle without assistance, as it required a tight grasp to operate. Violation: The soap dispensers require a tight grasp and twist to operate in violation of Section 4.27.4 of the ADAAG, whose resolution is readily achievable.

W.  The plaintiff could not use the mirror as it was mounted too high. Violation: The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19.6 of the ADAAG, whose resolution is readily achievable.

X.  The plaintiff could not use the paper towel dispenser without assistance as it was mounted too high. Violation: There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Sections 4.2.5, 4.2.6, and 4.27.3 of the ADAAG, whose resolution is readily achievable.

Y.  The plaintiff could not flush the toilet without assistance, as the flush valve was not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG, whose resolution is readily achievable.

Z.  The plaintiff could not use the toilet paper dispenser without assistance, as it was not mounted at the required location. Violation: The toilet paper dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG, whose resolution is readily achievable.

AA. The plaintiff had difficulty using the grab bars, as they were mounted at non-compliant locations. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 of the ADAAG, whose resolution is readily achievable.

# RITE AID PHARMACY

### Entrance Access and Path of Travel

A. The plaintiff could not traverse through areas of the facility, as the required 36" path is not provided. Violation: There is not a continuous path of travel connecting all essential elements of the facility, in violation of Sections 4.2.1 and 4.3.3 of the ADAAG, whose resolution is readily achievable.

### Access to Goods and Services

B. The facility fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements that are required to be readily accessible and usable by persons with disabilities in violation of Section 36.211 of the ADAAG.

### Public Restrooms

### Men's restrooms

C. There are permanently designated interior spaces without proper signage in violation of Sections 4.1.3(16) and 4.30 of the ADAAG, whose resolution is readily achievable.

D. The plaintiff could not exit the restroom without assistance, as the required maneuvering clearance was not provided. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG, whose resolution is readily achievable.

E. The plaintiff was exposed to a cutting/burning hazard because the lavatory pipes were not wrapped. Violation: The lavatory pipes were not fully wrapped or maintained violating Section 4.19.4 of the ADAAG, whose resolution is readily achievable.

F. The plaintiff could not use the mirror as it was mounted too high. Violation: The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19.6 of the ADAAG, whose resolution is readily achievable.

G. The plaintiff could not use the soap bottle without assistance, as it required a tight grasp to operate. Violation: The soap dispensers require a tight grasp and twist to operate in violation of Section 4.27.4 of the ADAAG, whose resolution is readily achievable.

8

    H.    The plaintiff could not flush the toilet without assistance, as the flush valve was not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG, whose resolution is readily achievable.

    I.    The plaintiff had difficulty using the toilet without assistance, as it was not mounted at the required distance from the wall. Violation: The water closet is mounted at a non-compliant distance from the wall in violation of Section 4.16.2 and Figure 28 of the ADAAG, whose resolution is readily achievable.

    J.    The plaintiff could not use the toilet paper due to it not being located within a dispenser. Violation: Elements in the restroom are not readily accessible and usable by persons with disabilities in violation of Section 36.211 of the ADAAG.

    K.    The plaintiff had difficulty using the grab bars as items were mounted above obstructing their use. Violation: The grab bars do not comply with the requirements prescribed in Sections 4.16.4 and 4.26 of the ADAAG, whose resolution is readily achievable.

    L.    The plaintiff had difficulty using the grab bars, as they were mounted too high. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 of the ADAAG, whose resolution is readily achievable.

13. All of the foregoing violations are also violations of the 1991 Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

14. The discriminatory violations described in paragraph 12 are not an exclusive list of the Defendants' ADA violations. Plaintiff requires the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff and all other individuals similarly situated, have been denied access to the benefits of its facilities and services at the Defendants' building and have otherwise been discriminated against and damaged by the Defendants because of the

Defendants' ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

15. Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR § 36.302 et seq. Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

16. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendants, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505.

17. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have

existed prior to January 26, 1992, 28 CFR § 36.304(a); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR § 36.402; and finally, if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR § 36.401, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

18. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

19. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter La Guardia Center, and Rite Aid Pharmacy at La Guardia Center to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendants cure its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

    A. The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

    B. Injunctive relief against the Defendants including an order to make all readily

achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

C.  An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

D.  Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## COUNT II
## VIOLATION OF NEW YORK CIVIL RIGHTS LAW

20. Plaintiff re alleges all prior obligations as if fully set forth herein.

21. New York Law provides that it shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation, resort or amusement, because of the race, creed, color, national origin, sexual orientation, military status, sex or disability or marital status of any person, directly or indirectly..... [to deny] such person any of the accommodations, advantages, facilities or privileges thereof........N.Y. Exec. Law Section 296(2)(a).

22. For the purposes of the foregoing paragraph, "discriminatory practice" includes:

12

    A.    A refusal to make reasonable modification in policies, practices or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodation to individuals with disabilities, unless such person can demonstrate that making such modifications would fundamentally alter the nature of such facilities, privileges, advantages or accommodations;

    B.    A refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such a person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden; and

    C.    A refusal to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities......, where such removal is readily achievable......N.Y. Exec. Law Section 296(2)(c).

23. Pursuant to N.Y. Exec. Law Section 297(9), "Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages."

24. Due to Defendants' discrimination and failure to provide accessibility by removing barriers to access at its property as discussed in this Complaint, Plaintiff suffered emotional distress, humiliation, mental anguish, and other injuries.

25. A place of public accommodation "shall be deemed to include ... hotels," N.Y. Civ. Rights Law §40.

26. New York law mandates, "all persons within the jurisdiction of this state shall be entitled to the full and equal accommodations, advantages, facilities and privileges of any place of public accommodation...." N.Y. Civ. Rights Law §40.

27. Defendants' property is a place of public accommodation as defined in §40.

28. N.Y. Civ. Rights Law §41 states, "Any person who or any agency, bureau,

13

corporation or association shall violate any provisions of sections forty, forty-a, forty-b or forty-two or incite the violation of any said provisions…shall for each and every violation thereof be liable to a penalty of not less than One Hundred Dollars ($100.00) nor more than Five Hundred Dollars ($500.00) to be recovered by the person aggrieved…thereby in any court of competent jurisdiction in the county in which the plaintiff or the defendant shall reside… also, any person who shall violate any of the provisions of the foregoing section shall be deemed guilty of a misdemeanor."

29. Plaintiff, Doug Longhini visited Defendants' property and encountered the discriminatory barriers discussed in this Complaint and seeks minimum statutory damages under §41.

30. By maintaining architectural barriers and policies that discriminate against people with disabilities and through the other actions described above, Defendants have, directly and/or indirectly, refused, withheld from, and denied to Plaintiff, Mr. Doug Longhini, because of his disability, the full enjoyment of its property.

31. Plaintiff, Doug Longhini, has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

WHEREFORE, the Plaintiff respectfully requests that this Court award Doug Longhini statutory damages pursuant to N.Y. Civ. Rights Law §41, and compensatory damages pursuant to N.Y. Exec. Law Section 297(9) and award Plaintiff's attorney's fees, costs and expenses incurred prosecuting this action.

Dated: 10/10, 2016

Respectfully submitted,

_____
Asaad K. Siddiqi, Esq. (AS 9150)
McCusker, Anselmi, Rosen & Carvelli, P.C.
210 Park Ave., Suite 301
Florham Park, NJ  07932
(973) 635-6300
(973) 635-6363 - Facsimile
asiddiqi@marc.law

Lawrence A. Fuller, Esq. (LF 5450)
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
lfuller@fullerfuller.com

Counsel for Plaintiff Doug Longhini